```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

**MICHAEL S. O'SHIELDS,**

        Plaintiff,

        **v.**                      CASE NO. 06-3242-SAC

**RUTH RITHAULLER, et al.,**

        Defendants.

## MEMORANDUM AND ORDER

This civil rights complaint, 42 U.S.C. 1983, was filed by an inmate of the Montgomery County Jail, Independence, Kansas. Plaintiff has also filed a motion for leave to proceed in forma pauperis (Doc. 2). Plaintiff names as defendants Ruth Rithauller, a prosecutor in the District Attorney's Office, Detective Attaberry with the KBI, and Detective Vining of the Independence Police Department.

As the factual basis for his complaint, Mr. O'Shields alleges on June 1, 2005, he went to the Independence Police station for a polygraph test and was interrogated for 2½ hours. He alleges defendants Attaberry and Vining "pushed" him into saying he did something he never did. He also alleges he stated throughout the interrogation he was innocent, but Attaberry coerced him so he agreed to write whatever Attaberry told him while stating "it won't be true." He further alleges he told the two defendants he felt intimidated, and that none of the statement he gave was true. He was then arrested.

Plaintiff claims his 14th Amendment right to due process was violated by the interrogation, and that his coerced statement is

being used against him in a state criminal case by defendant Rithauller. The only relief requested is that the federal court require defendant Rithauller and the County Attorney's office to "dismiss" his allegedly coerced statement in his case. Having considered the materials filed by plaintiff, the court finds as follows.

**SCREENING**

Because Mr. O'Shields is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. 1915A(a) and (b). Having screened all materials filed, the court finds this action must be dismissed because the claims raised are premature habeas corpus claims and may not be raised in this federal civil rights complaint.

**DISCUSSION**

Under Preiser v. Rodriquez, 411 U.S. 475, 489 (1973), a state prisoner cannot bring a 1983 action challenging his conviction or sentence on federal constitutional grounds because Congress has passed a more specific act to cover that situation, and in doing so, provided that a state prisoner challenging his conviction must first seek relief in the state courts. 28 U.S.C. 2254.

Plaintiff's allegations that statements given by him during police interrogations were coerced and that those statements will be used against him in an impending state criminal prosecution are challenges to his state prosecution, which must be raised in the

2

state criminal proceedings.  Plaintiff is advised to immediately contact his defense attorney to discuss these claims[1], and the proper procedures for raising them.  These claims are hereby construed as premature habeas corpus claims, are held to be improperly raised in this federal civil rights complaint, and are dismissed without prejudice.

Plaintiff must properly present any challenges to his state criminal proceedings in the trial court in the first instance.  If he is convicted, he must raise his claims on direct appeal ultimately to the highest state court.  If the Kansas Supreme Court affirms his conviction, and he wishes to present his habeas claims in federal court; he must do so by filing a petition for writ of habeas corpus.  Showing full exhaustion of state court remedies is a statutory prerequisite to the filing of a federal habeas corpus petition.  28 U.S.C. 2254(b)(1)(A).

For reasons of comity and judicial efficiency, among others, federal courts may not interfere with prosecutions pending in state court except under extraordinary circumstances.  Younger v. Harris, 401 U.S. 37, 44 (1971), *citing* Ex parte Young, 209 U.S. 123 (1908)(There is a fundamental policy against federal interference with state criminal prosecutions unless the danger of irreparable loss is both great and immediate; and the threat to plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution).  Plaintiff has

---

[1] Plaintiff lists the name and address of an attorney in Olathe Kansas by his signature on his complaint.  That attorney has not entered an appearance in this matter, and is presumed to be the defense attorney in the state criminal proceedings.

not alleged and the complaint does not reflect "extraordinary circumstances" in this case. Plaintiff has an adequate remedy at law and will not suffer irreparable injury if denied relief at this time in this court. Younger, 401 U.S. at 43-44. It does not appear from the complaint that plaintiff is threatened with any injury other than that incidental to every criminal proceeding brought lawfully and in good faith.

Furthermore, under Imbler v. Pachtman, 424 U.S. 409, 421 (1976), a state prosecutor has absolute immunity for the initiation and pursuit of a criminal prosecution for conduct "intimately associated with the judicial phase of the criminal process." Id. at 430. Thus, no claim is stated against defendant Rithouller.

For the foregoing reasons, the court finds this is a premature petition for writ of habeas corpus, which must be dismissed, without prejudice.

**IT IS THEREFORE ORDERED** that petitioner's Motion for Leave to Proceed Without Prepayment of Fees (Doc. 2) is granted.

**IT IS FURTHER ORDERED** that this action is construed as a premature petition for writ of habeas corpus, 28 U.S.C. 2241, 2254, and is dismissed without prejudice.

**IT IS SO ORDERED**.

Dated this 11th day of September, 2006, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge