IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MICHAEL S. O'SHIELDS,**

                  **Plaintiff,**

        **v.**                              **CASE NO. 06-3242-SAC**

**RUTH RITHOULLER, et al.,**

                  **Defendants.**

### O R D E R

This action, filed as a civil rights complaint pursuant to 42 U.S.C. 1983, was construed as a premature petition for writ of habeas corpus, 28 U.S.C. 2241, 2254, and dismissed without prejudice by Memorandum and Order entered on September 11, 2006. No mail forwarded to plaintiff by the court was returned.

The court has received two letters from Mr. O'Shields since the action was dismissed, one dated April 16, 2007, and another dated April 25, 2007[1]. Mr. O'Shields claims in each letter that he has written "several times about this matter" and never received a response[2]. In the later letter, he asks how the court could

---

[1] This week the court received a third letter in which Mr. O'Shields asks this court to send him forms to appeal his 60-1507 motion to the Kansas Court of Appeals. This federal court does not have forms for filing actions in any state court. Petitioner must request information or forms from the state court in which he wishes to file a pleading.

[2] Mr. O'Shields also states in his first letter that he sent transcripts to the clerk of the court. No other letters and no transcripts have been received from Mr. O'Shields.

In his April 16 letter, Mr. O'Shields informs the court that he has been moved to the Hutchinson Correctional Facility. Online records on KASPER, the Kansas Department of Corrections information system, indicate he was moved from El Dorado Correctional Facility to

legally dismiss his action "when Montgomery County District was not giving me my legal mail." The court treats plaintiff's letter dated April 25, 2007, as a motion for relief from judgment (Doc. 6). Because this motion was filed more than ten days after the entry of judgment in this case it is considered a motion for relief from judgment or order under Rule 60(b) of the Federal Rules of Civil Procedure[3].

Plaintiff alleges no facts which suggest the existence of any of the grounds for relief from judgment set forth in Rule 60(b). The legal basis for dismissing this action was fully set forth in the court's Memorandum and Order of September 22, 2006. Mr. O'Shield's allegation that his legal mail was impeded in Montgomery County is conclusory and has no bearing on the finding by this court that his complaint was a premature habeas corpus action. The court finds no reason is alleged or exists to grant relief from the judgment of dismissal in this case.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Reconsideration (Doc. 6) is denied.

**IT IS SO ORDERED**.

Dated this 24th day of May, 2007, at Topeka, Kansas.

---

HCF on December 11, 2006. Plaintiff has not kept the court apprised of his current location.

[3] The court does not consider this motion as a successive habeas corpus application as it does not substantively advance one or more "claims." See Gonzalez v. Crosby, 545 U.S. 524, 531 (2995). Instead, plaintiff merely asserts the court's previous ruling that his action was premature, which precluded a merits determination, was in error. Id. at 532 FN4.

                                    s/Sam A. Crow
                                    U. S. Senior District Judge